# United States Bankruptcy Court
## District of Maryland

In re **John T. Vetter**
Debtor(s)

Case No. 18-11941
Chapter 7

## CORRECTED DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept .................................................................. $ | 2340.00 |
   | Prior to the filing of the skeleton petition, I had received ............................................ $ | 0.00 |
   | Prior to the filing of this statement, I have received $ | 0.00 |

2. The source of the compensation paid to me was:

   ☐ Debtor    ☒ Other (specify): BK Billing

   The source of compensation will either be the Debtor, any guarantor of the Debtor or if undersigned counsel receives any asset based lending or factoring facility from a third-party it is possible that the financing provided under such facility may serve as the source of the compensation.

3. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

4. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof; d. [Other provisions as needed]

   **Debtor will pay gross attorney's fees in the amount of $1972.00 after payment of filing fee and credit report fee for post-petition services rendered in this case after payment of the filing fee and credit counseling fee. Counsel assigns his fee for post-petition services to a factoring company, BK Billing. If Debtor makes all post-petition payments to the factoring company, counsel's net attorney fee is $1387 after BK Billing fee, chapter 7 filing fee and credit report fee.**
   **Counsel charges no fee for pre-petition services which include, but are not limited to, meeting with the client to determine both eligibility, and appropriateness of filing bankruptcy, assistance in preparing for and completing credit counseling, preparation and filing of the petition in bankruptcy, and general consult and advice.**
   **Counsel's fee for post-petition services include, but are not limited to, subsequent consultations/meetings with Debtor to consult and advise as to post-petition duties, obtaining documents pursuant to §521 of the Bankruptcy Code, providing documents to the case Trustee in anticipation of Debtor's meeting of creditors, obtaining and reviewing Debtor's credit reports, preparation and completion of the bankruptcy petition, notification to creditors, notification to state courts of the bankruptcy filing, travel to and from meeting of creditors, attendance at meeting of creditors, attendance at rescheduled or missed meeting of creditors, amendments to petition as requested by case Trustee, monitoring case proceedings until discharge, and representation of Debtors in any post-discharge action brought by creditors. Counsel's fee is all-inclusive.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, notification to employer to stop garnishments notification to banks, opposing counsel, creditors, payroll departments and any other third parties to release garnishment of account and obtaining and refunding all funds taken from client involuntarily within 90 of prior to petition filing date, representing client in reaffirmation agreements, such as negotiation with**

secured creditors regarding reaffirmation agreements and completion of reaffirmation agreements, redemption actions, paperwork for vehicles, relief from stay actions or any other adversary proceeding. Additional fees shall be charged to defend Adversary Proceedings, if necessary and above services mentioned under this clause.

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| February 16, 2018 | /s/ Wardell Huff, Esq. |
|---|---|
| *Date* **Wardell Huff, Esq.** *Signature of Attorney* | The Law Offices of Wardell Huff, PLLC<br>15 East Market Street<br>#6072<br>Leesburg, VA 20178<br>866-784-7177   Fax: 866-784-7177   wardell@whufflaw.com<br>*Name of law firm* |